UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANCES DU JU,<br><br>               Plaintiff,<br><br>   v.<br><br>STATE OF WASHINGTON, et al.,<br><br>               Defendants. | CASE NO. C17-6082 BHS<br><br>ORDER DISMISSING COMPLAINT AND RENOTING MOTION TO PROCEED *IN FORMA PAUPERIS* |

This matter comes before the Court on Plaintiff Frances Du Ju's ("Plaintiff") motion to proceed *in forma pauperis* (Dkt. 1) and proposed complaint (Dkt. 1-1).

On December 29, 2017, Plaintiff filed the instant motion and proposed complaint. *Id*. Plaintiff's claims are based on factual allegations involving the foreclosure and eviction from her home. In June of 2013, Plaintiff's home was sold at a foreclosure sale. Dkt. 1-1, ¶ 4.5. In July of 2013, Defendant John O'Neill filed an unlawful detainer action in Clark County Superior Court. *Id*. ¶ 4.6. The court issued a writ, and the sheriff was asked to enforce the writ by removing Plaintiff from her home. *Id*. ¶¶ 4.7–4.9. The sheriff arrested Plaintiff and booked her into jail. *Id*. ¶¶ 4.9–4.10. Plaintiff was appointed counsel, and the case proceeded to a jury trial with the jury returning a verdict

of guilty. *Id.* ¶¶ 4.14–4.20. The court sentenced Plaintiff to ten days of community service. *Id.* ¶ 4.20. Plaintiff unsuccessfully appealed the conviction and sentence through the state courts and eventually to the United States Supreme Court. *Id.* ¶¶ 4.23–4.28. It seems that Plaintiff failed to complete her sentence of community service, and the City of Vancouver police arrested her. *Id.* ¶ 4.45. Plaintiff spend four days in jail and asserts that the conditions of confinement violated her rights. *Id.* ¶¶ 4.45–4.50. After Plaintiff was released from jail, the Clark County Superior Court altered her sentence to time served and removed probation requirements. *Id.* ¶¶ 4.51–4.52. Based on these allegations, Plaintiff asserts ten causes of action ranging from constitutional violations to violations of the code of judicial conduct. *Id.* ¶¶ 5.1–13.3.

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a); W.D. Wash. Local Rules LCR 3(b). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). In this case, Plaintiff's affidavit and *in forma pauperis* application show an inability to prepay fees and costs. *See* Dkt. 1.

However, even if a party satisfies the financial requirements for eligibility to proceed *in forma pauperis*, the Court's review of the application and underlying complaint is not complete. Under the *in forma pauperis* statute, the Court must dismiss the case *sua sponte* if it determines at any time that (1) the allegation of poverty is untrue,

(2) the action is frivolous or malicious, (3) the complaint fails to state a viable claim, or (3) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

In this case, Plaintiff's complaint fails to state viable claims on some issues, seeks monetary relief against numerous immune defendants, and is frivolous in some instances. First, Plaintiff may not state a claim under federal criminal statutes, the state court rules, the rules of professional conduct, the code of judicial conduct, or former President Obama's convention speech. Therefore, the Court dismisses with prejudice Plaintiffs' second, third, sixth, seventh, eighth, and ninth causes of action.

Second, Plaintiffs asserts claims against defendants that are immune from suit. Judges and courts are entitled to absolute judicial immunity. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Similarly, prosecutors are entitled to absolute prosecutorial immunity, *Imbler v. Pachtman*, 424 U.S. 409, 418 (1976), and public defenders are not state actors for purposes of 42 U.S.C. § 1983, *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). Therefore, the Court dismisses with prejudice all courts and prosecutors as defendants and dismisses all constitutional claims against all public defenders.

Third, Plaintiff's claims based on alleged erroneous state-court rulings are barred. The *Rooker–Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Although it is not clear in her claims, Plaintiff does seek the relief of vacating her state-court judgment and

expungement of her state-court criminal record. Any claim based on these ruling and/or seeking such relief are barred by the *Rooker–Feldman* doctrine.

Finally, for the remaining claims, Plaintiff fails to state viable claims. For example, Plaintiff only states the text of the constitutional amendments in her first cause of action. *See* Dkt. 1-1, ¶¶ 5.1–5.6. Such a vague pleading violates the federal rules of procedure that require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Without stating which defendant violated what right, Plaintiff has failed to show that she is entitled to any relief. Therefore, the Court dismisses the remainder of Plaintiff's claims.

The remaining question is whether Plaintiff should be allowed leave to amend. "[A] district court's denial of leave to proceed *in forma pauperis* is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would be futile." *Rodriguez v. Steck*, 795 F.3d 1187, 1188 (9th Cir. 2015). In this case, the Court is unable to conclude that any amendment would be futile. Plaintiff may have conditions of confinement claims that are within the statute of limitations and have not been brought in any other action. Therefore, the Court **GRANTS** Plaintiff leave to amend her complaint. An amended complaint shall be filed no later than February 16, 2018 and shall comply with this order. Failure to file an amended complaint will result in **DISMISSAL**. The Clerk shall also renote Plaintiff's motion for consideration on the Court's February 16, 2018 calendar.

**IT IS SO ORDERED.**

Dated this 18th day of January, 2018.

BENJAMIN H. SETTLE
United States District Judge